USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: July 2, 2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TRUSTEES OF THE NEW YORK CITY       :
DISTRICT COUNCIL OF CARPENTERS      :
PENSION FUND, WELFARE FUND,         :
ANNUITY FUND, AND APPRENTICESHIP,   :
JOURNEYMAN RETRAINING, EDUCATIONAL  :
AND INDUSTRY FUND, et al.,          :    19 Civ. 4016 (VM)
                                    :
                 Petitioners,       :
                                    :    DECISION AND ORDER
     - against -                    :
                                    :
TIM PHILLIPS, d/b/a PHILLIPS        :
CREATIVE INSTALLATIONS,             :
                                    :
                 Respondent.        :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund ("ERISA Funds"), Trustees Of The New York City Carpenters Relief and Charity Fund ("Charity Fund"), New York City and Vicinity Carpenters Labor-Management Corporation ("Corporation," and together with ERISA Funds and Charity Fund, the "Funds"), and the New York City District Council of Carpenters ("Union," and together with the Funds, "Petitioners") bring this action to confirm an arbitral award in favor of Petitioners and against respondent Tim Phillips ("Respondent"), doing business as Phillips Creative Installations. (See "Petition," Dkt. No. 5; "MOL," Dkt. No.

1

8.) Respondent has not responded to the Petition despite proper service, and the time to respond to the Petition has passed. The Court now construes the Petition as an unopposed motion for summary judgment by Petitioners. For the reasons set forth below, the Petition is GRANTED.

## I. BACKGROUND[1]

This is an action under Section 301 ("Section 301") of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. Section 185, to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement ("CBA") involving the Union and Respondent. The Union is the certified bargaining representative for certain employees of the Respondent. The Respondent was, at all times relevant to this action, an employer within the meaning of Section 3(5) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1002(5), and an employer in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. Section 142.

At all times relevant to this action, Respondent was bound by an agreement with the United Brotherhood of

---

[1] The following background derives from the undisputed Petition and its accompanying exhibits. Though Respondent does not dispute any facts in this action, the Court resolves all ambiguities and draws all justifiable factual inferences in favor of Respondent as the non-movant, as required by the standard set forth in Section II.A. No further citations to the record will be made herein except as specifically cited.

Carpenters and Joiners of America (the "International Agreement") and the CBA. According to the International Agreement, the "[p]ayment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement." (Petition Ex. A, Art. II.) The CBA requires Respondent to make contributions to the Funds and further requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with the contribution requirements. The CBA also binds employers to the Funds' terms and conditions, and the Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy") states that

> In the event that an employer refuses to permit a payroll review and/or audit upon request . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period.

(Petition Ex. E § IV, ¶ 12.)

The International Agreement provides that "any dispute relating to this Agreement" may be resolved in accordance

3

with the arbitration procedure of the relevant "Master Labor Agreement," here the CBA. (Petition Ex. A, Art. VI.) The CBA, in turn, provides that in the event of "any dispute or disagreement aris[ing] between the parties . . . concerning any claim arising from payments to the Fund . . . either party may seek arbitration" before the designated arbitrator. (Petition Ex. D, Art. XVI, § 12.) If a benefit fund prevails in arbitration, the arbitrator may award "interest, liquidated damages, and/or costs." (Petition Ex. D, Art. XVI, § 11(b).) If formal proceedings are initiated before a court, the Funds may collect, in addition to the delinquent contributions, (1) interest on the unpaid contributions at the prime rate of Citibank plus 2 percent, (2) liquidated damages in the amount of 20 percent of the unpaid contributions, and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies.

The dispute before the Court arose when Respondent failed to permit an audit covering the period from October 10, 2012 through the present (the "Audit Period"). Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher ("Maher"). Maher held a hearing and rendered an award in favor of Petitioners on January 18, 2019 for $716,865.41 (the "Award"). The Award comprises an

4

estimated principal deficiency of $513,626.40, interest of $98,113.73, liquidated damages of $102,725.28, court costs of $400, attorneys' fees of $1,500, and an arbitrator's fee of $500. Maher also found that interest at the rate of 7.5 percent would accrue on the Award from the date of issuance. Furthermore, under the CBA, Petitioners are entitled to reasonable attorneys' fees and costs expended in this matter. Petitioners allege total billings of $2,972.50.

Respondent has not paid any portion of the Award, and the Award has not been vacated or modified, nor is any application for such relief pending. Petitioners commenced this action on May 6, 2019. Respondent has not entered an appearance despite service. Respondent, acting pro se, requested and received several extensions of the deadline to respond to the Petition. By Order dated February 18, 2020, the Court directed Petitioners to advise the Court within thirty days with regards to further prosecution of the action and directed Respondent to show cause within thirty days why no answer to the Petition was filed. (See "Status Update Order," Dkt. No. 16.) By letter dated March 4, 2020, Petitioners moved the Court to deem the Petition an unopposed motion for summary judgment in the event Respondent failed to show cause as to why it did not respond to the Petition. (See

5

Dkt. No. 18.) Respondent has not submitted a response to the Court's Status Update Order.

Accordingly, the Court now deems the Petition an unopposed motion for summary judgment ("Motion") and, for the reasons stated below, will grant the Motion.

## II. LEGAL STANDARDS

A. STANDARD OF REVIEW

Even if a petition to confirm an arbitral award is unopposed, the petition and accompanying record should be treated as a motion for summary judgment based on the movant's submissions. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109-10 (2d Cir. 2006). Summary judgment is appropriate if the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether the movant is entitled to judgment as a matter of law, the court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). As noted above, all facts in this case are undisputed.

B. REVIEW OF ARBITRAL AWARDS

Petitioners seek confirmation of the Award pursuant to the Federal Arbitration Act (the "FAA"), codified at 9 U.S.C. Sections 1-16. The role of a district court in reviewing an arbitral award is "narrowly limited," and "arbitration panel determinations are generally accorded great deference under the FAA." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997). Only a "barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," and the burden of proof "required to avoid confirmation is very high." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks omitted).

A court must confirm an arbitral award unless the party seeking to vacate establishes any of the limited exceptions provided by Section 10 of the FAA. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008). The FAA provides for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) ("Section 10").

The Second Circuit adds a gloss on Section 10 that instructs that a district court may vacate where the award evidences "manifest disregard" of the law. Stolt-Nielsen SA v. AnimalFeeds Int'l Corp., 548 F.3d 85, 91-92 (2d Cir. 2008), rev'd on other grounds, 559 U.S. 662 (2010); T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010). Courts vacate awards on grounds of manifest disregard only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." Stolt-Nielsen, 548 F.3d at 91-92 (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003)).

An arbitral award may be vacated based on manifest disregard of the law if: (1) the law that the arbitrators allegedly ignored was clear and "explicitly applicable to the matter before [them]"; (2) "the law was in fact improperly applied, leading to an erroneous outcome"; and (3) the arbitrators knew of the law's existence and applicability, but intentionally disregarded it. T.Co Metals, 592 F.3d at 339 (quoting Duferco, 333 F.3d at 389-90). Accordingly, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not

8

suffice to overturn his decision." Pike v. Freeman, 266 F.3d 78, 86 (2d Cir. 2001) (alteration omitted) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).

### III.   DISCUSSION

The Court will grant the Petition, as it sees no grounds to vacate, modify, or correct the Award. Respondent has not appeared, let alone moved for vacatur pursuant to the limited exceptions provided by Section 10 of the FAA, and the record provides no basis for any inference of corruption, misconduct, or abuse of power by Maher. Nor did Maher manifestly disregard the law. The Court sees nothing to suggest Maher improperly applied and intentionally disregarded clear and explicitly applicable law; on the contrary, the Award seems reasonable based upon the CBA and apparent facts as reflected in the Award. In light of the great deference accorded to arbitral awards under the FAA, the Court must confirm the Award based on the record.

The Court is also satisfied that the award of attorneys' fees to Petitioners is appropriate and that the amount requested is reasonable under the circumstances presented. The Court will further award Petitioners post-judgment

interest as required under 28 U.S.C. Section 1961. See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996).

## IV.   ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion for summary judgment so deemed by the Court as filed by Petitioners Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees Of The New York City Carpenters Relief and Charity Fund, New York City and Vicinity Carpenters Labor-Management Corporation, and the New York City District Council of Carpenters (collectively, "Petitioners") (see "Petition," Dkt. No. 6) is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the Petition is granted, the underlying arbitration award is confirmed, and judgment is entered in favor of Petitioners and against respondent Tim Phillips, doing business as Phillips Creative Installations, as follows:

Awarding Petitioners $716,865.41 pursuant to the January 18, 2020 arbitration award ("Award") plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 7.5% pursuant to the Award;

10

Awarding Petitioners $75 in costs arising out of the proceeding;

Awarding Petitioners $2,972.50 in attorneys' fees arising out of the proceeding; and

Awarding Petitioners post-judgment interest at the statutory rate.

**SO ORDERED.**

Dated:   New York, New York
         02 July 2020

_____
Victor Marrero
U.S.D.J.